**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAUNNA LEANN DODD, | 3:13-cv-00642-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| JAMES COX, | |
| Defendant. | |

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1),[1] and pro se complaint (Doc. # 1-1).

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

---

[1] Refers to court's docket number.

> [I]n addition to filing the affidavit filed [as described above], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff has filed an application to proceed in forma pauperis, stating that she is not presently employed and at the time she filed the application was incarcerated in the Washoe County Jail. (Doc. # 1.) Plaintiff reports that her family puts money on her books at the Washoe County Jail for "hygiene and commissary" items, but does not state what amount. (*See* Doc. # 1 at 2.) Additionally, Plaintiff has not complied with the requirement in 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-1 that she submit a certified copy of her trust fund account statement (or institutional equivalent) for the six-month period preceding the filing indicating her average prison account balance. Plaintiff includes a handwritten note that the jail has refused to provide this information.

The court has performed a search of its records which reveal that Plaintiff filed a petition for removal in Case No. 3:13-cv-00538-MMD-WGC, where she paid the $400 filing fee, in an action where she seeks to remove her pending state murder prosecution to federal court. This fact tends to suggest that Plaintiff's claim that she cannot pay the filing fee in this case is belied by the court records.

If Plaintiff wishes to proceed in forma pauperis, she must comply with the requirements set forth in 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-1.

This improperly commenced action is therefore **DISMISSED WITHOUT PREJUDICE**. It does not appear that this dismissal without prejudice will materially impact the analysis of any statute

of limitations issue as Plaintiff's proposed complaint relates to an allegedly improper seizure of her vehicle that took place on December 29, 2012, and improper arrest on January 3, 2013. (*See* Doc. # 1-1.)

If Plaintiff seeks to renew this action, she must file a properly commenced action under a *new* docket number with either the required filing fee or a properly completed and supported application to proceed in forma pauperis. The Clerk shall **SEND** Plaintiff two copies each of the in forma pauperis application for a prison and civil rights complaint forms, along with the instructions for the forms and a copy of all papers she submitted. Judgment should be entered accordingly, dismissing this action without prejudice.

**IT IS SO ORDERED**.

DATED:   February 18, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE